**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Attorneys for Plaintiff
Email: centraldocket@jacksonwhitelaw.com
By:   Michael R. Pruitt, No. 011792
      mpruitt@jacksonwhitelaw.com
      Nathaniel Hill, No. 028151
      nhill@jacksonwhitelaw.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darren Udd, filing individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>The City of Phoenix,<br><br>Defendant. | Case No.: _____<br><br>**FLSA COLLECTIVE ACTION COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff, Darren Udd, filing as an individual and on behalf of all others similarly situated, by and through his counsel undersigned, and for his Complaint alleges as follows:

**THE PARTIES**

1. The City of Phoenix is a municipal governmental agency covered by the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 et seq.) as a "Public Agency," 29 U.S.C. § 203(s)(1)(c), as that term is defined in 29 U.S.C. § 203(s)(x).

2. The City of Phoenix maintains and operates the City of Phoenix Police Department ("Phoenix Police Department") as its primary law enforcement agency. The City of

Phoenix provides the compensation and controls the terms and conditions of employment of the individuals working in the Phoenix Police Department.

3. The law enforcement officers and detectives of the Phoenix Police Department are represented by the Phoenix Law Enforcement Association ("PLEA").

4. The City of Phoenix and PLEA have entered into a contract covering the employment of the members of PLEA.

5. The City of Phoenix is the legally recognized employer under the FLSA, 29 U.S.C. § 203(d), of the individuals working in the Phoenix Police Department.

6. The Phoenix Police Department includes the Violent Crimes Bureau (sometimes referred to as the "Bureau") which consists of six designated work units. These work units are the Assault Unit, the Robbery Unit, the Homicide Unit, Gang Enforcement, Gun Enforcement and Intelligence Squad, and Night Detective Detail.

7. The detectives of the Assault Unit, Robbery Unit and Homicide Unit are all assigned to work from the same office located on the second floor of the main headquarters of the Phoenix Police Department in downtown Phoenix.

8. Each individual work unit employs multiple detectives, supervised by three or more sergeants, under the command of a lieutenant.

9. The Violent Crimes Bureau is run by a Commander who supervises the six work unit lieutenants.

10. The Violent Crimes Bureau is under the control and supervision of an Assistant Chief who also runs several other bureaus of the Phoenix Police Department.

11. Darren Udd is a retired detective who worked for many years in the Phoenix Police Department Violent Crimes Bureau, first in the Assaults Unit and most recently in the Homicide Unit.

12. During the relevant time period, Darren Udd and the other detectives working in the Violent Crimes Bureau were members of PLEA as such they were covered by the executed contract between the City of Phoenix and PLEA.

13. Plaintiff Udd is a resident of Maricopa County in the State of Arizona.

14. As provided for by the FLSA, 29 U.S.C. § 216(b), this action is brought by Plaintiff Udd as an individual and as a collective action on behalf of those similarly situated which is defined for purposes of this lawsuit to consist of the group of all current and former individuals working as detectives in the Robbery, Assault, and Homicide units of the Violent Crimes Bureau of the Phoenix Police Department at any point within the last three years.

15. Plaintiff Udd and those similarly situated are legally recognized employees of the City of Phoenix under the FLSA, 29 U.S.C. § 203(e)(2).

16. As required by the FLSA, 29 U.S.C. § 216(b), Plaintiff Udd has filed his written consent form with the Court as an exhibit to this Complaint allowing him to proceed as a party in this action.

## JURISDICTIONAL ALLEGATIONS

17. This action arises from the illegal employment actions of the City of Phoenix under the statutes of the United States involving violations of the overtime wage provisions of the FLSA.

18. As this matter arises under federal statute, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

19. Venue is appropriate to this court as the acts and omissions alleged herein occurred within the geographic region covered by the United States District Court for the District of Arizona.

## BACKGROUND FACTS

20. Under the FLSA, 29 U.S.C. § 207, covered employees such as Plaintiff Udd and those similarly situated are required to receive overtime wages at a rate of at least 1½ times their normal hourly rate for all hours worked in excess of forty during a workweek unless they qualify for one of the specific exemptions outlined in the FLSA.

21. The City of Phoenix has not invoked the provisions of 29 U.S.C § 207(k) that potentially allow a municipality to define an overtime period for law enforcement

employees that differs from the default FLSA overtime period of forty hours in any one workweek.

22. During the relevant time period, Plaintiff Udd and those similarly situated received compensation from the City of Phoenix as hourly employees and were never designated as exempt from the overtime provisions of the FLSA.

23. Plaintiff Udd and those similarly situated individuals working as detectives in the Robbery, Assault, and Homicide work units of the Violent Crimes Bureau were subject to a common set of payroll procedures and bureau practices.

24. Plaintiff Udd has direct, firsthand, and personal knowledge of the hours worked, payroll procedures, Bureau practices, and everyday work habits for the group of those similarly situated.

25. This knowledge was obtained through such things as Plaintiff Udd's work history, personal observations, working out of the office as those similarly situated, Phoenix Police Department and Bureau meetings, statements and directions from Bureau sergeants, lieutenants and the Bureau commander, statement and directions from other members of Phoenix Police Department management including the Assistant Chief over the Bureau, statements from other Bureau detectives, group and work related e-mails and memoranda, and his daily work and social interactions with other Bureau detectives and Phoenix Police Department employees.

26. Plaintiff Udd and those similarly situated routinely worked well in excess of forty hours during most workweeks.

27. While Plaintiff Udd and those similarly situated received overtime wages for a fraction of those overtime hours, it was common practice for Plaintiff Udd and many other Bureau detectives to work significant off-the-clock hours for which they did not receive proper compensation or overtime pay.

28. The off-the-clock work of Plaintiff Udd was done with the knowledge and approval of Plaintiff Udd's direct and indirect supervisors, and Bureau management.

29. It was common knowledge among the Bureau sergeants and lieutenants, the Bureau commander, the assistant chief over the Bureau, and other members of Phoenix Police Department management that, in addition to Plaintiff Udd, the group of those similarly situated routinely worked significant off-the-clock hours without receiving proper compensation or overtime pay.

30. On information and belief, Bureau lieutenants, the Bureau commander, the assistant chief over the Bureau and other members of Phoenix Police Department management were under significant pressure to keep overtime wages down for budgetary reasons.

31. The performance of off-the-clock work by Bureau detectives with the knowledge of Bureau sergeants, lieutenants, and other members of Phoenix Police Department management constitutes a willful violation of the FLSA.

32. The FLSA requires employers to keep accurate records related to compensation and hours worked by all non-exempt covered employees.

33. The knowing failure to properly record all hours worked by Plaintiff Udd and those similarly situated constitutes a further willful violation of the FLSA.

34. This collective action arises from an ongoing illegal and improper scheme by the City of Phoenix as the employer of Plaintiff Udd and those similarly situated to systematically and willfully violate the provisions of the FLSA by failing to pay Plaintiff Udd and those similarly situated the overtime wages legally due them.

35. This collective action seeks to recover unpaid overtime wages, liquidated damages, interest, attorneys' fees and all other damages and penalties owed and available to Plaintiff Udd and those similarly situated.

36. Given the willful violations of the FLSA alleged herein, Plaintiff Udd and those similarly situated are entitled to use a three year statute of limitations period for the recovery of overtime wages as provided for by the FLSA, 29 U.S.C. § 255.

37. The actions of the City of Phoenix as the employer of Plaintiff Udd and those similarly situated in violating the provisions of the FLSA were not taken in good faith,

and the City of Phoenix did not have a reasonable basis for believing that its compensation practices regarding the payment of overtime did not violate the FLSA.

38. As an employer, the City of Phoenix is responsible for the illegal conduct and practices described herein related to the failure to comply with the provisions of the FLSA.

39. The actions of the City of Phoenix in deliberately and willfully failing to pay overtime wages resulted in economic damages to Plaintiff Udd and those similarly situated.

40. As a collective action, all other current and former detectives working in the Assault Unit, Robbery Unit and Homicide Unit of the Violent Crimes Bureau for the Phoenix Police Department at any point during the last three years may join this lawsuit by filing an executed consent to join form with the Court.

41. Plaintiff Udd intends to seek an order from the court providing notice to all similarly situated current and former detectives of the Violent Crimes Bureau for the Phoenix Police Department of the pendency of this action and their right to opt-in and join this lawsuit as a collective action group member pursuant to the provisions of 29 U.S.C. § 216(b).

42. Given that Plaintiff Udd has alleged a willful violation of the FLSA on the part of the City of Phoenix and the supervisors and management of the Violent Crimes Bureau, the relevant time period for such notice is three years going back from the filing of this Complaint.

43. As appropriate, Plaintiff Udd reserves the right to amend and supplement the definition of the collective action class of similarly situated employees as information is disclosed and uncovered through future discovery.

44. Given that there is a statute of limitations period associated with the collection of overtime damages under the FLSA, Plaintiff Udd intends to seek an expedited order from the Court directing that notice of this lawsuit be sent out to all those similarly situated.

## COUNT 1
### (Violation of the FLSA, 29 U.S.C. § 201 et seq.)

45. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

46. Plaintiff Udd and those similarly situated are covered employees legally entitled to collect all overtime wages due them under the FLSA.

47. The City of Phoenix is the legally recognized employer of the Assault Unit, Robbery Unit and Homicide Unit of the Violent Crimes Bureau under the FLSA.

48. As described herein, Plaintiff Udd and the detectives of the Assault Unit, Robbery Unit and Homicide Unit of the Violent Crimes Bureau routinely worked in excess of forty hours during most workweeks without receiving proper compensation or all of the overtime compensation due them in violation of the FLSA.

49. As a result of this illegal policy and practice under the FLSA, Plaintiff Udd and those similarly situated have suffered economic damages in an amount to be proved at trial.

50. The policy of not paying all overtime wages due was knowing, willful, not taken in good faith, and done with the full knowledge and consent of the supervisors and management of the Violent Crimes Bureau, the Phoenix Police Department and the City of Phoenix. This entitles Plaintiff Udd and all collective action class members to extend the recovery period for damages from two years to three years as provided for by the FLSA, 29 U.S.C. § 255(a) and collect liquidated damages in an amount equal to their economic damages

51. As provided for by the FLSA, the City of Phoenix is liable to Plaintiff Udd and all collective action class members for their reasonable attorneys' fees and costs.

52. As a result of the illegal actions described herein, the City of Phoenix is liable to Plaintiff Udd and all collective action class members for such other relief and damages as are available to them and as provided for by law.

**WHEREFORE,** Plaintiff Udd individually and on behalf of those similarly situated requests that this Court enter judgment in their favor and against Defendant City of Phoenix as follows:

A. Declare and certify that this action can proceed as a collective action by Plaintiff Udd on behalf of all similarly situated current and former detectives working in the Robbery, Assault, and Homicide units of the Violent Crimes Bureau of the Phoenix Police Department at any time during the past three years;

B. Issue an Order that notice of this collective action shall be expeditiously sent to the designated class of collective action members informing them of the opportunity to participate in this collective action through the filing of consent to join forms with the Court;

C. Declare that Plaintiff Udd and all collective action class members are legally entitled to collect unpaid overtime wages and that the policy of knowingly allowing off-the-clock work and failure to pay all overtime wages due as described herein is illegal and a violation of the FLSA;

D. Declare that the actions of the City of Phoenix in failing to not pay all overtime wages due to Plaintiff Udd and those similarly situated was willful and not taken in good faith;

E. Declare that Plaintiff Udd and all collective action class members are legally entitled to a three year recovery period for the purpose of collecting unpaid overtime wages;

F. Enter a judgment against the City of Phoenix in an amount to be proved at trial as compensation to Plaintiff Udd and all collective action class members for their unpaid overtime wages;

G. Declare that Plaintiff Udd and all collective action class members are legally entitle to collect liquidated damages;

H. Declare that Plaintiff Udd and all collective action class members are legally entitled to collect their reasonable attorneys' fees and costs;

I. Declare that Plaintiff Udd and all collective action class members are entitled to all other relief and remedies available to them under law due to the illegal and improper actions described herein;

J. Award Plaintiff Udd and all collective action class members interest at the highest legal rate allowable on all sums awarded in judgment from the date of judgment until paid;

K. Award Plaintiff Udd and all collective action class members prejudgment interest on all liquidated sums awarded at the highest legal rate allowable;

L. That this Court retain jurisdiction over this action to ensure full compliance with the Court's orders and require the City of Phoenix to file such reports as the Court deems necessary to document compliance; and

M. For all other further relief as this Court deems just and proper.

**DATED** this 14th day of June, 2018.

**JACKSON WHITE**
<u>s/ Michael R. Pruitt</u>
By: Michael R. Pruitt, No. 011792
Nathaniel Hill, No. 028151
40 North Center Street, Suite 200
Mesa, Arizona 85201
Attorneys for Plaintiff

F:\STU\Udd, Darren\Overtime\Pleadings\Complaint.OT.Udd.docx