Pavneet Singh Uppal, SBN 016805
Shayna Balch Santiago, SBN 024852
Kris Leonhardt, SBN 026401
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
puppal@fisherphillips.com
ssantigo@fisherphillips.com
kleonhardt@fisherphillips.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Darren Udd, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>City of Phoenix,<br><br>     Defendant. | No. CV-18-01868-PHX-JJT<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND STIPULATION TO DISMISS CLAIMS WITH PREJUDICE** |

   Plaintiffs Darren Udd, Cristie Eisentraut, and Jeanette Butcher and Defendant City of Phoenix, by and through their undersigned counsel and pursuant to this Court's Order at Docs. 103 & 105, hereby respectfully submit the foregoing Joint Motion to Approve Settlement Agreement and Stipulation to Dismiss Claims with Prejudice.

   This Joint Motion is supported by the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, the accompanying Affidavit of Attorneys' Fees and Costs in Support of Joint Motion to Approve Settlement Agreement attached hereto as **Exhibit A**, the parties' Settlement and Release Agreements attached hereto as **Exhibits B, C, & D**, the Results from the City Council Formal Meeting held on March 2, 2022 attached hereto as **Exhibit E**, and such matters as may be introduced at oral argument on this matter, if ordered.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Introduction and Background**

On June 14, 2018, Plaintiff Udd filed a FLSA Collective Action Complaint (Doc. 1) against the City of Phoenix under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 (the "FLSA") on behalf of himself and others similarly situated. The complaint alleged that the City of Phoenix failed to pay off the clock overtime hours to detectives in certain units of the Phoenix Police Department. Defendant denied that it improperly failed to pay overtime and denied that it owed Plaintiff Udd, or others, any compensation. *See e.g.* Doc. 17. On May 8, 2019, Plaintiff Butcher filed her Notice of Filing Opt-In Consent Form (Doc. 38). On May 16, 2019, Plaintiff Eisentraut filed her Notice of Filing Opt-In Consent Form (Doc. 42). On March 23, 2020, this Court granted Plaintiff Udd's request for conditional certification of a putative collective of Phoenix Police Department homicide detectives,[1] thereby authorizing notice to be provided to putative collective members. (Doc. 58). Notice was sent out, but no additional detectives opted into the action by the deadline.

Plaintiffs Udd, Eisentraut, and Butcher and Defendant City of Phoenix have negotiated a settlement of this dispute contingent upon a finding by the Court approving their settlement terms as a fair and equitable resolution of this action. The parties jointly submit this request for the Court to approve their settlement agreement and to dismiss their claims with prejudice. The terms and conditions of the parties' contingent settlement are contained in their respective Settlement and Release Agreements attached hereto as **Exhibit B** (Plaintiff Udd), **Exhibit C** (Plaintiff Eisentraut), and **Exhibit D** (Plaintiff Butcher). The terms of these Agreements have been approved by the City of

---

[1] Plaintiff's request for conditional certification voluntarily limited the putative collective members to "current and former Homicide Detectives who have worked in the Homicide Unit of the Violent Crimes Bureau ('VCB') of the City of Phoenix Police Department at any time during the three-year period prior to the entry of any order disposing of this motion." Doc. 36, p. 1, n. 1.

1  Phoenix City Council, as set forth in the Results from the City Council Formal Meeting

2  held on March 2, 2022, attached hereto as **Exhibit E**, p. 2, item 19 (payment ordinance).

3  **II.    Legal Standard**

4  Because an employee cannot waive claims for unpaid wages under the FLSA and

5  to ensure that an employer is relieved of liability relating to a negotiated settlement

6  agreement, the settlement of FLSA claims must be supervised by the Secretary of Labor

7  or approved by the District Court. *See* 29 U.S.C. § 216(c); *see also Lynn's Food Stores,*

8  *Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). "An FLSA collective

9  action differs from a class action in that participants affirmatively choose to be bound by

10  the settlement agreement and there are no absent class members whose claims are being

11  settled because such absent class members are not bound by the case's outcome."

12  *Lockwood v. R&M Towing LLC*, 2020 WL 5724383, at *1 (D. Ariz. Sept. 24, 2020).

13  If an FLSA collective action settlement reflects a "reasonable compromise over

14  issues, such as FLSA coverage or computation of back wages that are actually in

15  dispute," the District Court may enter a stipulated judgment approving of the settlement,

16  after securitizing it for fairness, in order to "promote the policy of encouraging

17  settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-54. Although the

18  Ninth Circuit has not directly ruled on this issue, the Ninth Circuit has recognized that

19  "FLSA claims may not be settled without approval of either the Secretary of Labor or a

20  district court." District Courts in Arizona have relied upon the principles in *Lynn's Food*

21  *Stores, Inc.* in analyzing requests for approval. *Seminiano v. Xyris Enter., Inc.*, 602 F.

22  App'x 682, 683 (9th Cir. 2015); *see e.g. Lockwood*, 2020 WL 5724383, at *1

23  ("[a]lthough the Ninth Circuit Court of Appeals has not specifically addressed the

24  procedure to settle FLSA claims, district courts throughout the Ninth Circuit have

25  followed the lead of the seminal case of *Lynn's Food Stores, Inc*").

26  **III.    Joint Request for Approval of Settlement Agreement**

27  The parties in this matter jointly request approval from this Court of their

28  Settlement Agreements, attached as **Exhibits B, C, & D**, and they affirmatively assert

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

3

that such Settlement Agreements reflect a reasonable compromise over the issues "reached as an arm's length resolution of contested litigation to resolve a *bona fide* dispute under the FLSA." *Lockwood*, 2020 WL 5724383, at *2.

### A.    *Bona Fide* Dispute

"[A] *bona fide* dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Id.* (internal quotations omitted). In other words, "there must be some doubt that the plaintiffs would succeed on the merits through litigation of their FLSA claims." *Id.* (internal punctuation and quotations omitted).

Here, Plaintiffs have asserted entitlement to overtime wages for hours allegedly worked off the clock (i.e. not during regular duty hours, while on call-out, or while working in a precinct). Defendant denies these allegations and denies the credibility of the amount of overtime hours asserted. The parties have aggressively engaged in discovery and litigation surrounding these issues, including whether Defendant had any liability to Plaintiffs for unpaid overtime under the FLSA. *Hand v. Dionex Corp.*, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007) (finding a *bona fide* dispute where "Defendant strongly contested liability under the FLSA"). The parties also disputed the amount of damages, if any, to which Plaintiffs would be entitled in this matter if liability were established. *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012) (finding a *bona fide* dispute where "disputes exist regarding the proper damages measure in this case, whether liquidated damages and the three-year statute of limitations for willful violations of the FLSA are available, and the amount of overtime hours that the Plaintiffs actually worked").

For example, Defendant asserts that: it paid each Plaintiff for the significant amounts of overtime the Plaintiffs reported on their time slips; Defendant never denied or failed to pay overtime hours reported on timeslips submitted by Plaintiffs; Plaintiffs failed to identify a department-wide policy or practice of failing to pay overtime hours; and Plaintiffs' estimates of off the clock hours worked are not credible. In addition,

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

1  Defendant retained an expert witness who prepared a report demonstrating substantial

2  flaws in the legal and factual assertions in Plaintiffs' calculations of damages.

3      For these reasons, the parties stipulate that a *bona fide* dispute exists regarding

4  Defendant's liability and the amount, if any, Plaintiffs would be entitled to in damages.

5      **B.    Fair and Reasonable Agreement**

6      While there are no agreed upon factors the Court must consider in determining

7  fairness and reasonability, courts may "consider various factors including, but not

8  limited to, the strength of the plaintiff's case, the amount offered in settlement, and the

9  scope of any release provision in the agreement." *Lockwood*, 2020 WL 5724383, at *2.

10      With regard to the strength of Plaintiffs' claims, as stated above, Defendants

11  strenuously deny any liability in this matter. As set forth in Defendant's expert report,

12  Defendants also allege that Plaintiffs each have significant legal and factual errors in

13  their calculations of off the clock work. These issues include but are not limited to:

14  failure to apply the Section 7(k) exemption available to public employers of law

15  enforcement personnel; failure to account for paid meal breaks; improper inclusion of

16  time commuting as compensable time; improper inclusion of paid time off as hours

17  worked; failure to account for overtime hours paid; and failure to properly account for

18  compensatory time. It is Defendant's position that these errors completely negate the

19  hours included in Plaintiffs' damage calculations, rendering the calculations useless and

20  leaving Plaintiffs with no practical method of establishing any damages in the case.

21      With regard to the amount offered in settlement, Defendant has agreed to pay a

22  total of $273,000 for Plaintiffs' claims for overtime, attorneys' fees and costs as

23  follows: $172,000 to Plaintiff Udd and his attorneys, $5,000 to Plaintiff Eisentraut and

24  her attorneys, and $96,000 to Plaintiff Butcher and her attorneys. These amounts

25  represent significant recovery under the circumstances.[2] Also, the release language in

26

27  [2] *See* Affidavit of Attorneys' Fees and Costs, **Exhibit A**, for further explanation of the distribution of the settlement among the Plaintiffs together with attorneys' fees and

28  costs.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 43756703.1

1   this matter comports with language previously approved by this Court. *See e.g.*

2   *Lockwood*, 2020 WL 5724383, at *3 ("the General Release provision in the settlement is

3   reasonable in that it only releases Defendant from 'all actions, claims, damages,

4   expenses, or costs of whatever nature up through the Effective Date' and defines the

5   Effective Date as the date this Court approves the settlement and dismisses the action.")

6       Each opt-in Plaintiff has agreed to the terms of their individual Settlement

7   Agreement while being represented by, and given the advice of, experienced

8   independent legal counsel. The parties have been given the benefit of significant

9   discovery and disclosure of information in the case, including initial and supplemental

10  disclosures, answers to discovery requests, depositions, and third-party subpoenas.

11  Importantly, any settlement of these claims requires approval by the City of Phoenix

12  City Council, which has already considered and conditionally voted to approve the

13  amounts set forth herein. For these reasons, the parties jointly stipulate and agree that the

14  respective Settlement Agreements are fair and reasonable under the circumstances.

15  **IV.    Stipulation for Dismissal of Claims with Prejudice**

16      Based on the foregoing, in conjunction with their request for approval of their

17  respective Settlement Agreements, the parties jointly request dismissal of this matter

18  with prejudice, with each party to bear their own respective attorneys' fees and costs.

19      RESPECTFULLY SUBMITTED this 15th day of April 2022.

20                  FISHER & PHILLIPS LLP

21

22

23                  By s/ Kris Leonhardt
                   Pavneet Singh Uppal

24                     Shayna Balch Santiago
                   Kris Leonhardt

25                     3200 N. Central Avenue, Suite 1550
                   Phoenix, Arizona 85012-2487

26                     Attorneys for Defendants

27

28

*FISHER & PHILLIPS LLP*
*3200 N. Central Avenue, Suite 1550*
*Phoenix, Arizona 85012-2487*
*(602) 281-3400*

FP 43756703.1

JACKSON WHITE


By s/ Michael R. Pruitt (with permission)
    Michael R. Pruitt
    Nathaniel J. Hill
    40 North Center Street, Suite 200
    Mesa, Arizona 85201
    Attorneys for Plaintiff

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 43756703.1

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Michael R. Pruitt
Nathaniel J. Hill
Jackson White
40 North Center Street, Suite 200
Mesa, Arizona 85201
centraldocket@jacksonwhitelaw.com
mpruitt@jacksonwhitelaw.com
nhill@jacksonwhitelaw.com
Attorneys for Plaintiffs

 s/ Michelle C. Colwell

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 43756703.1